```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

JEFFREY JORDAN,                 :
  Plaintiff,                    :
                                :
    v.                          :    Civil No. 3:05V00865(AVC)
                                :
UNITED STATES OF AMERICA,       :
  Defendant.                    :
```

**RULING ON THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This is an action for damages brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. The plaintiff, Jeffrey Jordan, formerly employed by the Internal Revenue Service ("IRS"), alleges that his supervisors intentionally, recklessly, and negligently inflicted emotional distress upon him.

The defendant, the United States of America, now moves for judgment as a matter of law,[1] arguing that Jordan is not entitled to bring this case because he did not receive a final determination on the claim he filed with the U.S. Department of Labor.

---

[1] The defendant has filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and has attached evidence to its motion papers for the court's consideration. In cases "whe[re] matters outside the pleadings are presented to and not excluded by the court," the court may convert a motion to dismiss into a motion for summary judgment. See Krijn v. Pogue Simon Real Estate Co., 896 F.2d 687, 689 (2d Cir. 1990). The Second Circuit has instructed that "[t]he essential inquiry, when determining if the district court correctly converted . . . is whether the non-movant should reasonably have recognized the possibility that the motion might be converted into one for summary judgment." Id. The court observes here that the plaintiff raised this issue in his opposition memorandum and therefore recognized this possibility.

For the reasons hereinafter set forth, the court concludes that a genuine issue of material fact exists as to whether Jordan brought that claim.  The motion for summary judgment is therefore DENIED.

**FACTS**

Examination of the complaint, the motion to dismiss, the memoranda in support thereof, the response and the attachments thereto, discloses the following undisputed, material facts.

From 1991 to 2001, the plaintiff, Jeffrey Jordan, worked for the Internal Revenue Service ("IRS") in Norwalk, Connecticut.  He worked all ten years as a revenue officer in the small business/self-employed group.

In March 2000, Jordan's supervisor, one Cheryl Pepe, delivered to her subordinates, photocopies of a book entitled "Who Moved the Cheese?"  Pepe asked Jordan and the others to read the book and asked them to be prepared to discuss it at a March 15, 2000 meeting.  Thereafter, Jordan told Pepe that she might be violating federal law by photocopying the book.  The complaint alleges that Pepe responded with expletives and also threatened Jordan that "she would cause difficulty for him if he persisted." This conversation with Pepe, the complaint further alleges, set into motion a course of conduct, including humiliation, negative reviews not based on fact, and denial of certain rights accorded an employee of his status, that "ultimately ended with [Jordan's]

resignation in February 2001."

On June 27, 2001, Jordan filed a claim for an "employment-related emotional condition" with the United States Department of Labor ("DOL").  On July 10, 2001, a claims examiner wrote Jordan explaining that he had not identified the aspects of his employment that he considered detrimental to his health and asked him to respond to other questions within thirty days.  In response, on July 28, 2001, Jordan sent the claims examiner a letter stating as follows:

> I am in receipt of your letter to me dated 07-10-01. You have asked me to respond to about 10 questions and have granted me 30 days to do so.  The time frame you have given me is insufficient to respond to those questions.  In particular, one of the questions states "Why did you delay filing your claim".  My question to you is why is that relevant when the law allows 2 years from the time of the injury?????  <u>I hereby withdraw my claim and request that you respond to me regarding the above question.</u>  (emphasis added).

On January 16, 2002, one Alan Stein, a senior claims examiner responded to Jordan's letter with the following letter:

> I have received your written request, dated 7/28/01, to withdraw your claim.  As your case file has not been adjudicated, this request is granted.  The Office of Workers' Compensation Programs will take no further action in consideration of your claim . . . .

On June 3, 2003, Jordan filed a complaint in the United States District Court for the District of Connecticut pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 <u>et seq</u>., seeking damages for emotional distress.  Thereafter, the parties stipulated that in the interests of judicial economy, the action

3

would be dismissed without prejudice so that a final administrative determination could be reached by the DOL.  The stipulation further provided that following a final determination by the DOL, Jordan could reinstate his claim in the district court.

According to Jordan's lawyer, one Kenneth A. Votre, on August 20, 2004, Votre mailed Alan Stein of the DOL a letter requesting that Jordan's administrative claim under the Federal Employees Compensation Act, 5 U.S.C. § 8101 et seq. ("FECA") be "revisited."  The DOL, however, never reinstated the claim and on August 16, 2005, a query submitted to the DOL revealed that the DOL never processed the letter.

On May 27, 2005, "upon information and belief that his claim had not been accepted by the U.S. government," Jordan filed this action seeking damages for intentional, reckless, and negligent infliction of emotional distress.

The government now moves for a judgment of dismissal arguing that it is entitled to judgment because Jordan did not comply with the terms of the stipulation for dismissal of the original case following which this case could be reinstated.  The government maintains that the motion should be granted since Jordan has not offered any evidence to show that his administrative claim was re-filed or rejected.

## **STANDARD**

Summary judgment is appropriately granted when the evidentiary record shows that there are no genuine issues of material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In determining whether the record presents genuine issues for trial, the court must view all inferences and ambiguities in a light most favorable to the non-moving party. See Bryant v. Maffacci, 923 F.2d 979, 982 (2d Cir. 1991). A plaintiff raises a genuine issues of material fact if "the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Rule 56(c) "provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there is not a genuine issue of material fact." Id. at 247-48 (construing Fed. R. Civ. P. 56 (c)).

In opposing a motion for summary judgment, the "adverse party may not rest upon the mere allegations or denial of [its] pleading," but must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56; see D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir. 1998). "If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Fed. R. Civ. P. 56(d). "The mere verification by affidavit of one's

own conclusory allegations is not sufficient to oppose a motion for summary judgment." Zigmund v. Foster, 106 F.Supp.2d 352, 356 (D. Conn. 2000).  Furthermore, "the mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient [to avoid the entry of judgment against the non-moving party]; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson v. Liberty, Inc., 477 U.S. 242, 248 (1986).

## **DISCUSSION**

The government argues that the complaint should be dismissed because Jordan "did not comply with the terms of the stipulation for dismissal upon which this case could be brought again." Specifically, it contends that Jordan has not offered any documentation in support of his allegation that he attempted to reinstate his administrative claim, a "condition precedent to the refiling of this action."

In response, Jordan maintains that his counsel sent Alan Stein a letter, dated August 20, 2004, requesting that his initial administrative claim under the Federal Employees Compensation Act, 5 U.S.C. § 8101 et seq., ("FECA") be "revisited."[2]  Specifically, Jordan, argues that it would be

---

[2]The Federal Employees' Compensation Act (FECA), 5 U.S.C. § 8101 et seq., provides for the payment of workers' compensation benefits to civilian officers and employees of all branches of the Government of the United States. See C.F.R. § 10.0 (2006).

6

"improper" to allow this action to be dismissed because the government ignored his "properly re-submitted [FECA] claim."  The court agrees with Jordan.

"The common law has long recognized a rebuttable presumption that an item properly mailed was received by the addressee." Konst v. Fl. East Coast. Ry. Co., 71 F.3d 850, 851 (11th Cir. 1996) (noting that the presumption is "founded on the probability that the officers of the government will do their duty . . ."). When the Office of Workers' Compensation Programs ("OWCP")[3], a subdivision of the DOL, receives a mailed claim for compensation, it must reach decisions "with respect to FECA coverage or entitlement to benefits." C.F.R. § 10.125 (2006).  Although there is no quantitative measure as to how quickly a claim should be processed, a federal agency is obligated to "conclude a matter" presented to it within a "reasonable time."  5. U.S.C. § 555 (b); see also Reddy v. Commodity Futures Trade Com'n., 191 F.3d 109, 120 (2d Cir. 1999).

In the instant case, it follows that when Jordan mailed his claim for compensation on August 20, 2004, a presumption arose that the OWCP received the claim.  Construing the evidence in the

---

[3] C.F.R. § 10.1 (2006) provides in relevant part that "the Assistant Secretary [for Employment Standards] has delegated the authority and responsibility for administering the FECA to the Director of the Office of Workers' Compensation Programs . . . "[T]he Director [of the OWCP], OWCP and his or her designees have the exclusive authority to administer, interpret and enforce the provisions of [FECA]."

7

light most favorable to Jordan, the court must conclude that the OWCP received Jordan's letter seeking "revisitation" of his claim at the time that he placed it into the possession of the postal service and the OWCP failed to process it.  As a result, the court cannot conclude that Jordan violated the terms of the stipulation by filing this lawsuit and hence summary judgment is inappropriate.

## **CONCLUSION**

Based on the foregoing, the defendant's motion for summary judgment (document no. 14) is DENIED.

It is so ordered this 12th day of July, 2006, at Hartford, Connecticut.

_____
Alfred V. Covello
United States District Judge